

U.S. Department of Justice

| |
|---|
| **USDS SDNY** |
| **DOCUMENT** |
| **ELECTRONICALLY FILED** |
| **DOC #:** _____ |
| **DATE FILED:** 4/3/08 |

United States Attorney
Southern District of New York

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 6, 2008

**BY FACSIMILE**
212-805-6326

The Honorable Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **United States v. Michelle Gluck**
07 06 Cr. 493 (CM)

Dear Judge McMahon:

This letter is respectfully submitted in brief response to the pre-sentencing submission filed on behalf of the defendant, of today's date ("Ltr."). The defendant's sentencing is scheduled for March 12, 2008.

The defendant has stipulated in the parties' plea agreement that the applicable Guidelines range of 27 to 33 months' imprisonment constitutes a reasonable sentence, but, as she is permitted to do under that agreement, she invokes the statutory factors enumerated in Title 18, United States Code, Section 3553(a) to request a non-custodial sentence. For the following reasons, the Government respectfully submits that such a sentence is unwarranted.

As the defendant acknowledges in her submission, over a period of 77 months, she embezzled money from a company which had treated her well for a long period of time. The amount of money she stole was nearly half a million dollars. This was in no way "aberrational conduct" (Ltr. at 4); it was a calculated and deliberate crime that spanned years and cost the company dearly. It is not an excuse, nor even particularly plausible, that the defendant claims to have stolen this large sum simply to "make ends meet." (Ltr. at 3; PSR at ¶ 21). The defendant was not out stealing bread for her starving children; she was embezzling hundreds of thousands of dollars to finance family trips, parochial schools, and home improvements that otherwise would have been outside her not immodest means. Presumably, the defendant's family was able to "make ends meet" in their upper middle class lifestyle both before and since her criminal conduct.

The defendant's primary argument in favor of leniency is the devastation her incarceration would visit upon her family (Ltr. at 4). To be sure, as is always the case when a

parent is incarcerated, a custodial sentence would deal a hard blow to the defendant's family, and it is unfortunate that the defendant did not pause during the six-year span of her crime to consider the collateral consequences her actions might cause to her innocent children. But, it is apparent from the defendant's submissions that she is fortunate enough to enjoy considerable support from her husband, parents, in-laws, and community such that her sons will be well cared for in her absence.

The defendant also repeatedly points to the conduct and sentence of William Cavanaugh, her superior at LS, Inc., and argues that a lesser sentence for her is required in order to avoid sentencing disparities. As noted by the defendant, the loss caused by Cavanaugh's conduct was indeed greater than the loss caused by the defendant's, and Cavanaugh did indeed receive a sentence of 18 months' imprisonment. In that case, Judge Rakoff found "innumerable" mitigating circumstances, including, among other things, that the defendant had managed to overcome a particularly difficult childhood; had become a highly decorated hero of the Vietnam War; and had suffered psychological trauma as a result of his wartime experience.

In both of her submissions, the defendant expresses extreme shame and remorse. No doubt, having been caught, she is shamed. However, the Government believes that the Court should fairly be made aware of the defendant's conduct with respect to her expressions of remorse. When the Government was investigating the improprieties at LS, Inc., the defendant was contacted as a fact witness, and she agreed to speak with members of the Government.[1] Along with her attorney, she met with the Government at a meeting held at the U.S. Attorney's Office on November 29, 2005. She was willing to provide information about the other two individuals who she knew were misappropriating money from the company. However – calling into question the quantum of guilt she claims to feel – the defendant at no time mentioned her own complicity. When presented with this opportunity to come clean and expiate her sense of shame, the defendant stood silent.

---

[1] At that time, the Government was aware only of the use by Cavanaugh and a co-conspirator of company funds for personal expenses, and had no knowledge of Gluck's separate embezzlement of funds.

In sum, the Government respectfully submits that the non-custodial sentence urged by the defendant would be unreasonable in this case, and it stands by the stipulations in the parties' plea agreement.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____
E. Danya Perry
Assistant United States Attorney
(212) 637-2434

cc: Alan Abramson, Esq.

3